## Patterson's Estate

*George P. Murray*, for accountant.

TRIMBLE, P. J., April 4, 1941.—On November 2, 1902, John R. Hickman was appointed guardian of the estate of Walter G. Patterson, a feeble-minded person, by the Orphans' Court of Allegheny County, Pennsylvania, under the Act of June 19, 1901, P. L. 574. The guardian filed his account in the orphans' court on November 1, 1940, and at the audit on December 17, 1940, presented a petition for permission to resign and for the appointment of Colonial Trust Company as successor guardian. Walter G. Patterson is now 60 years of age. His next of

kin, Anna Patterson and James W. Patterson, both sui juris, have consented to the appointment of a successor guardian. The question is whether the orphans' court has jurisdiction to make the appointment.

Between 1901 and 1907 concurrent jurisdiction over the estates of feeble-minded persons existed in the orphans' courts and the courts of common pleas. However, the Act of May 28, 1907, P. L. 292, sec. 1, as amended by the Act of April 1, 1925, P. L. 101, sec. 1, provided: "Whenever hereafter any person, being a resident of this State, shall become insane or feeble-minded or epileptic, or so mentally defective that he or she is unable to take care of his or her property . . . it shall be lawful for either the mother, father . . . to present to the court of common pleas of the county in which said person to be cared for resides, his . . . petition . . . praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a guardian for the estate of such person."

Since the Act of 1907, supra, jurisdiction rests exclusively in the common pleas courts except in those cases where original jurisdiction had vested in the orphans' court under the Act of 1901. Where a court originally obtains and exercises jurisdiction, it will not be overturned or impaired by any subsequent legislation unless prohibitory words are used or must of necessity be implied. The jurisdiction of the orphans' court attached by virtue of the Act of 1901, when it took control through the duly-appointed guardian of the property of the mental incompetent upon proof that he was unable to manage his estate. Its jurisdiction over this property will continue until it discharges the guardian upon proof that the condition of incompetency no longer exists, either through a return of mental health or through death.

The usual rule that jurisdiction once acquired continues unless actually prohibited by statute is augmented by the language of the Act of 1907, supra. It places jurisdiction in the common pleas courts alone "whenever hereafter"

any person shall become feeble-minded. The wording indicates that the legislature did not intend any retroactive application of the act to deprive the orphans' court of jurisdiction exercised under the Act of 1901. This interpretation is illustrated in McGarvey's Estate, 64 Pitts. 42 (1914). There a guardian was appointed for a feeble-minded person under the Act of 1901 and prior to the Act of 1907. In 1914 the guardian presented a petition to the orphans' court for the sale of real estate belonging to the ward. President Judge Over held the jurisdiction originally acquired under the Act of 1901 continued, saying: ". . . the Act of May 28, 1907, P. L. 291, vested the jurisdiction in such cases in the common pleas alone, 'whenever hereafter' any person shall become feeble-minded and repealed all acts inconsistent therewith. The question is whether this court has now jurisdiction to order a sale of the ward's real estate, and that it has seems clear.

"This court having acquired jurisdiction of the ward and his estate, under the Act of 1901, it would not be divested by the latter act, except by express provision or necessary implication. There is no express provision to that effect, nor can it be implied, as the act applies only to cases of persons becoming feeble-minded after its passage. Had it been the intention to divest the jurisdiction of the orphans' court in cases adjudicated before its passage, there surely would have been some provision for transferring them to the common pleas. The acts are not inconsistent, the former applying to cases arising before the Act of 1907 was passed, and the latter to cases arising after its passage."

Since the jurisdiction of the orphans' court over the estates of feeble-minded persons on which it had entertained original jurisdiction prior to the Act of 1907, supra, is not thereby removed, it has jurisdiction to appoint a successor guardian as requested.